UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALVIN FULTON, JR.,

                  Petitioner,                MEMORANDUM AND ORDER
                                                                   05-CV-6314

vs.

GARY GREEN, as acting Superintendent,

                  Respondent.

_____

      Before the Court is petitioner's motion (# 12) for discovery and appointment of counsel, his request (# 13) for documents from the Court and his request (# 17) for a discovery conference. For the reasons stated below, the motions are denied.

      On March 28, 2002, petitioner alleges, a Monroe County, New York jury found him guilty of sexual conduct against a child in the first degree. (Pet. ¶ 3.) He states he was subsequently sentenced to 25 years' confinement. On June 15, 2005, petitioner filed a 56-page[1] verified petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence. (*Id*.) Petitioner alleges that his conviction was affirmed by the New York State Supreme Court, Appellate Division, Fourth Department, in a memorandum and order entered December 30, 2004, and the New York State Court

---

[1] His petition was accompanied by 83 pages of exhibits.

-1-

of Appeals denied leave to appeal on March 29, 2005. (Pet. at 4-6.[2]) As did his *pro se* brief at the Appellate Division, he raises fourteen points in his petition in this court and argues that he is entitled to reversal of his conviction.

In accordance with Western District of New York Local Rule of Civil Procedure 5.1(a), the Clerk assigned this case to the undersigned. Following the Court's denial of his motion to strike respondent's response, petitioner filed the discovery motion at issue here. In his motion, petitioner asks the Court for a copy of the docket sheet, a copy of "record page 101 of the Trial-Hearing Minutes," and copy of the "pro se 330.30 motion in its original legable [sic] form." (Fulton Aff. (Sep. 22, 2005) (# 12) at 3.) He requests three documents from respondent and proposes twenty-six admissions which he argues that the respondent should be directed to answer. Respondent opposes the motion in an Answering Affirmation, and petitioner has filed a Reply Response.

Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, provides in pertinent part as follows:

> (a) Leave of court required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> (b) Requesting discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

---

[2]The petition is numbered at the bottom of each page, and the two pages comprising the Fourth Department's decision, and the one page certificate from the Court of Appeals are not so numbered. However, when the petition was scanned for docketing with the Court, the computer system assigned page numbers 4 and 5 to the Fourth Department's decision, and page number 6 to the Court of Appeals' certificate. Following those pages, petitioner's page numbering continues at the bottom of each page, starting with page four. The Court will use petitioner's page numbers in the remainder of this memorandum and order.

Rule 6, Section 2254 Rules (2004). The advisory committee notes from the 1976 adoption of the rule state that "any party may utilize the process of discovery available under Federal Rules of Civil Procedure (rules 26-37) if, and to the extent that, the judge allows." Section 2254 Rules, 1976 Advisory Committee Notes. The Committee also noted that, "[g]ranting discovery is left to the discretion of the court, discretion to be exercised where there is a showing of good cause why discovery should be allowed." *Id*.

Before addressing the merits of petitioner's motion, the Court considers his application that the undersigned recuse himself. In his affidavit in support of the motion, petitioner states the following:

> Petitioner also requests a copy of the Order reassigning this case to Judge Charles J. Siragusa and removing [the] case from Judge John T. Elfvin.
>
> The history of these proceedings [sic] no doubt Hon. Charles J. Siragusa to be bias[ed] twards [sic] petitioner and, partial towards the Monroe County District Attorney's Office; The [sic] Office in which Siragusa himself served as First Assistant District Attorney to Howard R. Relin Before [sic] Siragusa was appointed to the Federal bench.
>
> Siragusa has proven to be incapable of following the law to its letter, and abiding in the spirit thereof in fairness and equity which results from his predisposition to thwart proceedings so as to favor the prosecution at all cost, and conceal due process violations of law, as fully demonstrated in petition for habeas writ; Thus [sic] this matter must remain [sic] before Hon. John T. Elfvin as a matter of ethics in the interest of justice (Petitioner is certain the Second Circuit will concur)[.] Siragusa was silent on the issue of exhaustion raised in motion to strike.

(Fulton Aff. at 3.) First, this case has never been assigned to Judge Elfvin. Judge Elfvin signed the initial order in this case as the duty judge for the month, but the case has been, and remains, assigned to the undersigned. Second, petitioner has no basis for the conclusions he makes. This Court has issued but one order, denying petitioner's motion

to strike respondent's answer as untimely, on the basis that the response *was* timely served according to Rule 5(b)(2)(B) of the Federal Rules of Civil Procedure. The accusations against petitioner by the complainant in the State court case did not take place until April 9, 2001, (Pet. Ex. A.), nine years after the undersigned left the Monroe County District Attorney's Office upon election to the State Supreme Court. If petitioner is requesting the undersigned to recuse himself, that request is denied. Recusal is a matter of discretion and required only when,

> "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992); *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987) (same). Knowledge gained from the judge's discharge of his judicial function is not a ground for disqualification under 28 U.S.C. § 455(b)(1). *Katsaros v. Cody*, 744 F.2d 270, 283 (2d Cir. 1984).

*Omega Eng'r, Inc. v. Omega, S.A.*, 432 F.3d 437, 44 (2d Cir. 2005). Here, petitioner has set forth no facts requiring recusal, nor is the Court aware of any.

Turning to petitioner's discovery motion, the Court finds that it contains no basis for ordering discovery in this case. Petitioner's only justification for discovery is that "[t]he request for admissions and production of documents are [sic] very necessary…." (Fulton Aff. at 4.) As the Supreme Court observed in *Bracy v. Gramley*, 520 U.S. 899 (1997), "Before addressing whether petitioner is entitled to discovery under this Rule to support his judicial-bias claim, we must first identify the 'essential elements' of that claim." *Bracy*, 520 U.S. at 904. Here, the essential elements of petitioner's claim are that he was convicted through the use of biased witnesses and perjured testimony, and that the prosecution did not properly indict him. The Court will now individually address petitioner's specific requests.

Petitioner's request for "page 101, which is page 3 of 4 of the Trial-Hearing Minutes pertaining to indictment No. 01-378" appears to be discoverable evidence, at least to the extent that it exists in the Court files. A review of the Record on Appeal, filed with the New York State Supreme Court, Appellate Division, Fourth Department, a copy of which is now filed in this Court, reveals that the identified page is missing. Based on the Court's review of the pages immediately surrounding the position where the missing page would logically appear, evidently the missing page consists of a listing of witnesses and the time the witnesses testified. The prior page contains that information, leaving off with the cross-examination time for one witness, Robert Cahill, at 2:27 p.m. on March 27, 2002. Notwithstanding petitioner's desire for a complete record, he fails to demonstrate why knowing the time certain witnesses testified is relevant to his habeas petition. The Court notes that it has a verbatim transcript of the trial testimony, including the testimony by Robert Cahill and the next witness called in rebuttal, Louis Falvo. The transcript reveals that no other witness testified after Mr. Falvo. (Trial Transcript, *People v. Fulton*, at 505.) In his Reply Response (# 15), petitioner argues that "[t]he missing page from Trial-Hearing Minutes no doubt will reveal the Trial-Judge's refussal [sic] to provide the jury with the requested defence [sic] photos under Court exhibits B, C, D, and E…." (Reply at 4.) In fact, Exhibits B through E were received into evidence at page 278 of the trial transcript. Further, an exchange following summations clearly indicates that the admitted exhibits were provided to the jury. (Trial Transcript at 567-68.) Therefore, petitioner's request to produce the identified page is denied as irrelevant to this habeas petition.

The Court notes that petitioner's papers make unfounded accusations that the missing page was "criminally removed" by the prosecution or the Clerk. Petitioner is cautioned that Federal Rule of Civil Procedure 11(b) applies to him and provides as follows:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,— …
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery….

Fed. R. Civ. P. 11(b) (1993). Further, this Rule provides that the Court may sanction a party for its violation. Fed. R. Civ. P. 11(c). Because petitioner is acting *pro se*, the Court will not impose a sanction at this time; however, further unfounded, unsupported allegations of criminal wrongdoing on the part of the Court, the prosecution, or the Clerk, will result in a hearing under Rule 11(c) for the imposition of sanctions.

Turning now to petitioner's request for production of a "sentence inhancement [sic] statement" and "Grand Jury empnnalement [sic] Orders," petitioner's supporting papers do not explain his basis for requesting those documents. The Court finds no relevance to those documents in the context of his habeas petition. Accordingly, his request for their production is denied.

Moving on to petitioner's request for admissions, the first seeks an admission about a child protective report from 2000. The relevance of that investigation and non-finding of

abuse to this habeas proceeding is not apparent to the Court. Petitioner does not allege that his counsel was unaware of that report and unreasonably failed to present it to the jury trying the case. Petitioner's second request concerning the allegation that Sergeant R. Cunningham forced the victim's removal in 2000, is also not shown to be relevant. Petitioner does not reveal how that information bears on the issues in a habeas petition. Several other requests for admission appear to relate to petitioner's argument that his arrest and indictment were improper and, as a result, the trial court had no jurisdiction over him. Evidently the following requests for admission are connected with this issue: 3, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 24. In addressing a similar argument, the district court in *Caicedo v. Garvin*, No. 95 CV 3896(SJ), 1999 WL 221648, *1 (E.D.N.Y. Apr. 9, 1999), wrote:

> Petitioner's first claim, that the indictment against him was invalid and therefore stripped the trial court of its jurisdiction, is an issue of state law and not one to be addressed on habeas review. *See Carroll v. Hoke*, 695 F. Supp. 1435, 1438 (E.D.N.Y.1988); *Medina v. Herbert*, No. 98 CIV. 1871, 1998 WL 799173, at *5 (S.D.N.Y. Nov. 16, 1998). "Errors of state law are not reviewable on a habeas petition unless they "rise for some other reason to the level of a denial of rights protected by the United States Constitution." *Mirrer v. Smyley*, 703 F. Supp. 10, 12 (S.D.N.Y.1989) (quoting *Wainwright v. Goode*, 464 U.S. 78, 86 (1983)); *see also* 28 U.S.C. § 2254(a). As long as a state indictment informs the accused "of the time, place and essential elements of the alleged crime" it will be constitutionally sufficient. *Carroll v. Hoke*, 695 F. Supp. at 1438.

In the case at bar, the indictment reads as follows:

> THE GRAND JURY OF THE COUNTY OF MONROE, by this indictment, accuses the defendant, ALVIN FULTON, JR, a/k/a SHAIK S. MUQTADIR, of the crime of Course of Sexual Conduct Against a Child in the First Degree, in violation of Section 130.75, Subdivision (a) of the Penal Law of the State of New York, committed as follows:
>
> The defendant, on or about and between July 1, 1999 and November 9, 2000, in the County of Monroe, State of New York, over a period of time not

>less than three months in duration, did engage in two or more acts of sexual conduct, which included at least one act of sexual intercourse, or deviate sexual intercourse, with a child less than eleven years old, to wit: [victim's name].[3]

(Indictment, *People v. Fulton*, No. 7568/01 (Jun. 15, 2001) (Attached to Appendix (# 6), Ex. C at 10).) The Supreme Court held in *United States v. Mechanik*, 475 U.S. 66 (1986), with regard to a federal grand jury proceeding, that a

>petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt. Measured by the petit jury's verdict, then, any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt.

*Mechanik*, 475 U.S. at 70. Relying on the *Mechanik* decision, the Second Circuit held in *Lopez v. Riley*, 865 F.2d 30 (2d Cir. 1989) that, "[t]his appeal…does put in issue whether the specified claims of deficiencies in the state grand jury proceedings are cognizable in a habeas corpus proceeding. In light of Mechanik, we conclude they are not." *Lopez*, 865 F.2d at 32 (footnote omitted). Accordingly, petitioner's discovery request in relation to the grand jury proceedings in this case is not likely to produce evidence relevant to the issues before the Court on his habeas petition, and it is, therefore, denied.

To the extent that petitioner's requests seek admissions about his arrest and superseding indictments, he fails to sufficiently show that these admissions would be relevant to any constitutional issues before the Court on his habeas petition. Petitioner also refers in his Reply Response to his sentence as excessive and harsh, and asks for discovery of a victim impact statement by Nera Crumpler, because he wants to prove his

---

[3] In order to protect the privacy of the individual against whom petitioner was convicted of sexually abusing, the Court will omit her name.

actual innocence. He fails to show how ordering discovery of the statement will cause him to realize this objective.

Therefore, the Court determines that petitioner has not met the requirement of Rule 6 to provide reasons for his requests, and, consequently, the Court does not find good cause to order discovery or a discovery conference. Therefore, petitioner's motions are denied without prejudice. The Court will review the record as transmitted from the State court, along with the submissions by petitioner and respondent, in determining whether to grant petitioner's petition for a writ of habeas corpus. Though made part of his discovery motion, petitioner's request for a copy of the docket sheet need not be made under Rule 6. A copy of the docket in this case has been sent to him by separate correspondence. It Is So Ordered.

DATED:	Rochester, New York
	August 1, 2006

ENTER.

    /s/ Charles J. Siragusa
    CHARLES J. SIRAGUSA
    United States District Judge